**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **BRENT WATFORD, Father of** | § | |
| **VALERIA WATFORD, Deceased,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 2:25-cv-00337** |
| | § | |
| **MALIK TRANSPORT, LLC, NARENDER,** | § | |
| **KKR TRUCKING, LLC, and** | § | |
| **C.H. ROBINSON INTERNATIONAL, INC.** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff Brent Watford, Father of Valeria Watford, Deceased, complains of Defendants

Malik Transport, LLC ("Malik Transport"), Narender, KKR Trucking, LLC ("KKR"), and C.H.

Robinson International, Inc. ("C.H. Robinson") and for cause of action shows as follows:

**I.**
**PARTIES**

1. Plaintiff is an individual residing in Comal County.

2. Malik Transport is a foreign company that has appeared and answered this suit.

3. Narender is an individual who has appeared and answered this suit.

4. KKR is a foreign company that has appeared and answered this suit.

5. C.H. Robinson is a foreign company that may be served with process through its

registered agent, Corporation Service Company, at 2780 Snelling Ave. N., Ste. 101, Roseville,

MN 55113.

**II.**
**JURISDICTION AND VENUE**

6.    The Court has jurisdiction over this case under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and diversity of citizenship exists among the parties.

7.    Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Cass County, Texas.

## III.
## FACTS

8.    On or about February 19, 2025, Narender was driving an 18-wheeler tractor-trailer southbound on U.S. Route 59 in Cass County, Texas.

9.    Valeria was traveling eastbound on Emma Lena Way and turning left onto northbound U.S. Route 59.

10.    Narender disregarded the red signal light and suddenly, unexpectedly, and violently smashed into Valeria's vehicle in the intersection (the "Collision").

11.    Valeria died because of the Collision.

12.    Malik Transport owned the tractor that Narender was operating at the time of the Collision.

13.    KKR owned the trailer that Narender was hauling at the time of the Collision.

14.    C.H. Robinson brokered the load that Narender and Malik Transport were hauling at the time of the Collision.

## IV.
## CAUSES OF ACTION

15.    Plaintiff's and Valeria's injuries and damages were proximately caused by the negligence and gross negligence of Defendants.

**A.    Negligence**

    **i.    Narender**

16.    Narender's acts and/or omissions constitute negligence.

17.    Narender owed Plaintiff a duty to exercise ordinary care in the operation of a motor vehicle.

18.    Narender breached that duty in one or more of the following respects:

    a.    failing to keep a proper lookout, or such lookout that a person of ordinary prudence would have maintained under the same or similar circumstances;

    b.    failing to timely apply the vehicle's brakes to avoid the Collision;

    c.    disregarding the red signal light at the intersection where the Collision occurred;

    d.    failing to turn the vehicle to avoid the Collision;

    e.    driving while distracted by cell phone usage; and

    f.    failing to pay attention.

19.    Narender's breach proximately caused Plaintiff's and Valeria's injuries and damages for which Plaintiff seeks recovery in this suit.

### ii.    Malik Transport

#### a.    Vicarious Liability

20.    Malik Transport is responsible for Narender's acts and/or omissions under the doctrine of respondeat superior, and/or the doctrine of borrowed servant, and/or principal-agent liability because Narender was operating the vehicle at the time of the Collision in the course and scope of Narender's employment, and/or as a borrowed servant, and/or with actual or apparent authority and within the scope of Narender's agency with Malik Transport.

#### b.    Negligent entrustment

21.    Malik Transport's acts and/or omissions constitute negligent entrustment.

22.     Malik Transport is liable for negligent entrustment because it owned the vehicle and entrusted same to Narender, who was an unlicensed, incompetent, and/or reckless driver.

23.     Malik Transport knew or should have known that Narender was an unlicensed, incompetent, and/or reckless driver.

24.     Malik Transport's negligent entrustment proximately caused Plaintiff's and Valeria's injuries and damages for which Plaintiff seeks recovery in this suit.

### c.     Negligent hiring, training, supervision, and retention

25.     Malik Transport's acts and/or omissions constitute negligent hiring, supervision, training, and retention.

26.     Malik Transport owed Plaintiff a duty to hire, supervise, train, and retain competent employees.

27.     Malik Transport breached that duty in one of more of the following respects:

a.      failing to use ordinary care in determining whether Narender was competent to be hired;

b.      failing to use ordinary care in adequately training Narender;

c.      failing to use ordinary care in adequately supervising Narender; and

d.      failing to use ordinary care in adequately retaining Narender.

28.     Malik Transport's breach proximately caused Plaintiff's and Valeria's injuries and damages for which Plaintiff seeks recovery in this suit.

### iii.    KKR

### a.     Vicarious Liability

29.     KKR is responsible for Narender's acts and/or omissions under the doctrine of respondeat superior, and/or the doctrine of borrowed servant, and/or principal-agent liability because Narender was operating the vehicle at the time of the Collision in the course and scope of

Narender's employment, and/or as a borrowed servant, and/or with actual or apparent authority and within the scope of Narender's agency with KKR.

### b.    Negligent entrustment

30.    KKR's acts and/or omissions constitute negligent entrustment.

31.    KKR is liable for negligent entrustment because it owned the trailer and entrusted same to Narender, who was an unlicensed, incompetent, and/or reckless driver.

32.    KKR knew or should have known that Narender was an unlicensed, incompetent, and/or reckless driver.

33.    KKR's negligent entrustment proximately caused Plaintiff's and Valeria's injuries and damages for which Plaintiff seeks recovery in this suit.

### c.    Negligent hiring, training, supervision, and retention

34.    KKR's acts and/or omissions constitute negligent hiring, supervision, training, and retention.

35.    KKR owed Plaintiff a duty to hire, supervise, train, and retain competent employees.

36.    KKR breached that duty in one of more of the following respects:

a.    failing to use ordinary care in determining whether Narender was competent to be hired;

b.    failing to use ordinary care in adequately training Narender;

c.    failing to use ordinary care in adequately supervising Narender; and

d.    failing to use ordinary care in adequately retaining Narender.

37.    KKR's breach proximately caused Plaintiff's and Valeria's injuries and damages for which Plaintiff seeks recovery in this suit.

### iv.    C.H. Robinson

### a.    Vicarious liability

38.    C.H. Robinson is responsible for Narender's and/or Malik Transport's acts and/or omissions under the doctrine of respondeat superior, and/or the doctrine of borrowed servant, and/or principal-agent liability because Narender and/or Malik Transport was operating the vehicle at the time of the Collision in the course and scope of Narender's and/or Malik Transport's employment, and/or as a borrowed servant, and/or with actual or apparent authority and within the scope of Narender's and/or Malik Transport's agency with C.H. Robinson.

### b.    Negligent selection

39.    C.H. Robinson's acts and/or omissions constitute negligent selection.

40.    C.H. Robinson owed Plaintiff a duty to select a competent motor carrier and driver.

41.    C.H. Robinson breached that duty in one of more of the following respects:

    a.    failing to use ordinary care in determining whether Narender was competent to be selected as the driver of the load that was being hauled at the time of the Collision; and

    b.    failing to use ordinary care in determining whether Malik Transport was competent to be selected as the motor carrier of the load that was being hauled at the time of the Collision.

42.    C.H. Robinson's breach proximately caused Plaintiff's and Valeria's injuries and damages for which Plaintiff seeks recovery in this suit.

## B.    Gross Negligence

43.    Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence.

### i.    Objective standpoint

44. When viewed objectively from Defendants' standpoint at the time of the Collision, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff.

### a. Malik Transport

45. When viewed objectively from Malik Transport's standpoint at the time of the Collision, permitting the vehicle to be operated by Narender, who was incompetent to be hired and inadequately trained, supervised, and retained, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.

46. When viewed objectively from Malik Transport's standpoint at the time of the Collision, permitting the vehicle to be operated by Narender, who was an unlicensed, incompetent, and/or reckless driver, involved an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff.

### b. Narender

47. When viewed objectively from Narender's standpoint at the time of the Collision, driving the vehicle while distracted by cell phone usage, disregarding the red signal light, and/or failing to pay attention involved an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff.

### c. KKR

48. When viewed objectively from KKR's standpoint at the time of the Collision, permitting the trailer to be hauled by Narender, who was incompetent to be hired and inadequately trained, supervised, and retained, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.

49.     When viewed objectively from KKR's standpoint at the time of the Collision, permitting the trailer to be hauled by Narender, who was an unlicensed, incompetent, and/or reckless driver, involved an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff.

### d.     C.H. Robinson

50.     When viewed objectively from C.H. Robinson's standpoint at the time of the Collision, permitting the load to be hauled by Narender and/or Malik Transport, which were incompetent to be selected as a driver and/or motor carrier, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.

### ii.     Subjective standpoint

51.     Defendants had actual, subjective awareness of the risks involved with Defendants' conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

### a.     Malik Transport

52.     Malik Transport knew or should have known of the risks involved with permitting Narender to operate the vehicle but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

### b.     Narender

53.     Narender knew or should have known of the risks involved with driving the vehicle while distracted by cell phone usage, disregarding the red signal light, and/or failing to pay attention but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

### c.     KKR

54.    KKR knew or should have known of the risks involved with permitting Narender to haul the trailer but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

### d.    C.H. Robinson

55.    C.H. Robinson knew or should have known of the risks involved with selecting Narender and/or Malik Transport to haul the load but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

56.    The acts and/or omissions of Defendants constitute gross negligence as that term is defined in Civil Practice and Remedies Code § 41.001(11), and Plaintiff seeks to recover exemplary damages from Defendants in this suit.

### V.
### DAMAGES

57.    As a result of Defendants' negligence and gross negligence, Valeria suffered traumatic brain injuries and injuries to other parts of her body generally.  Valeria battled these injuries for several days before eventually succumbing to them.

58.    Plaintiff seeks to recover all damages to which Plaintiff is entitled under the Texas Wrongful Death statute, Texas Civil Practice and Remedies Code sections 71.001-12, including but not limited to:

   a.    Pecuniary losses: loss of Valeria's earning capacity, advice, counsel, services, care, maintenance, and support, including but not limited to expenses for Plaintiff's psychological treatment and Valeria's funeral expenses paid by Plaintiff;

   b.    Mental anguish;

   c.    Loss of companionship and society: loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiff would, in reasonable probability, have experienced if Valeria had lived; and

     d.     Loss of inheritance: loss of the present value that Valeria would, in reasonable probability, have added to the estate and left at natural death to Plaintiff.

59.     Plaintiff seeks to recover all damages to which Plaintiff is entitled under the Texas Survival statute, Texas Civil Practice and Remedies Code section 71.021, including but not limited to:

     a.     Valeria's pain and suffering;

     b.     Valeria's mental anguish;

     c.     Valeria's medical expenses; and

     d.     Valeria's funeral expenses.

60.     Plaintiff seeks to recover exemplary damages for Defendants' gross negligence under Texas Civil Practice and Remedies Code section 41.003.

## VI.
## INTEREST

61.     Plaintiff requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## VII.
## DEMAND FOR JURY TRIAL

62.     Plaintiff demands a jury trial and has submitted the required jury fee.

## VIII.
## PRAYER

Plaintiff requests that, at the trial of this matter, Plaintiff has judgment against Defendants in an amount within the jurisdictional limits of this Court, together with all pre- and post-judgment interest as allowed by law, costs of Court, and for such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

Law Offices of Thomas J. Henry
5711 University Heights Boulevard, Suite 101
San Antonio, Texas 78249
Telephone: 361-985-0600
Facsimile: 888-956-6001


Scott P. Brinkerhoff
State Bar No. 24069419
sbrinkerhoff-svc@tjhlaw.com
Attorney for Plaintiff


## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served in accordance with the Federal Rules of Civil Procedure on December 17, 2025.


Scott P. Brinkerhoff